Mr. Armando Rios, Reporter The Baxter Bulletin 16 West 6th Street Post Office Box 1750 Mountain Home, Arkansas 72654
Dear Mr. Rios:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B) (Supp. 2005), for an opinion concerning the release of records under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -109 (Repl. 2002) and (Supp. 2005). Specifically, you have enclosed a copy of an FOIA request you made to the Mayor of Cotter, Arkansas on April 13th for the "entire personnel file" of the "former" Police Chief. You indicate that the police chief "has been fired by the mayor," although you do not indicate on what date this occurred. You state that the Chief's "last day at work is to be April 21." You quote a portion of the termination letter in your request, but it is not clear whether this letter has been released to you. In any event, you have not enclosed this termination letter for my review. You pose three questions regarding your request for the personnel file as follows:
 1. Is [the Police Chief] terminated the date he was notified of his termination, or April 21?
 2. How does the date of termination relate to [the Mayor's] obligation to comply with our FOIA request?
 3. Is the personnel file subject to public disclosure?
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether the decision of the custodian of records as to the release of personnel or evaluation records is consistent with the FOIA. Although you have posed several specific questions for my review and opinion, I must note that my statutory duty under A.C.A. § 25-19-105(c)(3)(B)(i) is not to address particular questions posed by custodians, subjects and requesters, but is merely to "stat[e] whether the decision is consistent with [the FOIA]." See Ops. Att'y. Gen. 2005-268; 2005-030; 2004-219; 2003-135 and 2002-191.
The applicable provision of the Freedom of Information Act, A.C.A. § 25-19-105(c)(3)(A), which governs requests for personnel or evaluation records, requires the custodian to "determine within twenty-four (24) hours of the receipt of the request whether the records are exempt from disclosure and make efforts to the fullest extent possible to notify the person making the request and the subject of the records of that decision." Subsection (c)(3)(B)(i) authorizes, but does not require, the custodian, requester or the subject of personnel or evaluation records to seek an opinion from the Attorney General as to "whether the decision is consistent with this chapter." A.C.A. § 25-19-105(c)(3)(B)(i) (Emphasis added).
In this case, you have not indicated or described the decision of the custodian as to which records should be released. I therefore cannot perform my statutory duty as contemplated by the statute. It is my understanding, however, that an issue has arisen over the timing of the release of some of the relevant records under the FOIA. It is my understanding that the Mayor apparently takes the position that some or all of the records are not subject to release until the effective date of the Police Chief's termination, which you indicate is April 21st. You have provided no information in your request as to this decision, however. Nevertheless, I can set forth a summary of the law surrounding the release of records typically found in personnel files, with an emphasis on the timing of such release, below.
Personnel files typically contain documents that constitute either "personnel records" or "job performance/employee evaluation records" within the meaning of the FOIA. It is important to identify the correct classification of each record, because the FOIA sets forth different tests to govern the releasability of the two types of records.
Although the FOIA does not define the term "personnel records," as used therein, this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records (discussed below) that relate to the individual employee. In addition, the FOIA does not define the term "employee evaluation or job performance record," as used therein, nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records.
Under the Arkansas FOIA, "personnel records" are generally open to inspection and copying by the public, except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Repl. 2003). Conversely, "employee evaluation or job performance records" are generally closed to public inspection, except upon the occurrence of certain specified events. "Employee evaluation or job performance records" are only open to public inspection if there has been a "final administrative resolution" of any "suspension or termination proceeding" at which the records in question "formed a basis for the decision to suspend or terminate the employee" and if there is a "compelling public interest in their disclosure." A.C.A. § 25-19-105(c)(1). Each of the criteria listed above must be present before "employee evaluation or job performance records" may be released under the FOIA.
This office has in many instances elaborated on the test to be applied in determining whether each category of records is subject to release, and because you have not presented any issue as to the release of particular records under these standards, I will not reiterate that analysis herein. See e.g., Ops. Att'y. Gen. 2005-268; 2005-202; 2005-113; 2005-032; and 2005-011, available at www.ag.state.ar.us.
The issue presented in this instance by the custodian's apparent decision is whether records in the Police Chief's personnel file are subject to disclosure in the period after the Mayor's decision to terminate the Police Chief, but prior to the effective date of the termination. In my opinion the effective date of the termination is only relevant in addressing the release of "employee evaluation or job performance records" and not any "personnel records" at issue.
With regard to the timeliness obligations of a records custodian, the FOIA provides generally as follows:
 (a)(1)(A) Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
* * *
 (e) If a public record is in active use or storage and therefore not available at the time a citizen asks to examine it, the custodian shall certify this fact in writing to the applicant and set a date and hour within three (3) working days at which time the record will be available for the exercise of the right given by this chapter.
A.C.A. § 25-19-105(a)(1)(a) and (e).
The FOIA clearly contemplates that public records will be made available immediately upon request unless the records are in active use or storage. In the event the requested records are in active use or storage, the custodian of the records must certify this fact in writing to the requester and set a date and hour within three (3) working days, at which time the records will be made available for inspection and copying. A.C.A. 25-19-105(e). In my opinion these provisions govern the timing of the release of any "personnel records" responsive to your request.[1]
However, while immediate access is contemplated by the FOIA (unless the records are in "active use or storage"), this immediacy requirement must be viewed in light of the particular circumstances surrounding each FOIA request. Ops. Att'y. Gen.2000-059 and 1998-223. In this regard, the FOIA makes an exception for the release of "employee evaluation or job performance records," conditioning their release, among other factors, on the "final administrative resolution of any suspension or termination proceeding." It is therefore possible for the release of "employee evaluation or job performance records" to be delayed until the "final administrative resolution" of a termination. See e.g., Ops. Att'y. Gen.2005-112; and 2003-132. The issue presented by the custodian's apparent decision in this instance is whether there has been a "final administrative resolution" of a "termination proceeding" where the effective date of the termination has not yet occurred.
I have previously stated as followed with regard to the "final administrative resolution" requirement:
 With respect to what might qualify as a "final administrative resolution," I agree with the following summary by one of my predecessors in Ark. Op. Att'y Gen. No. 2002-158:
 The requirement of a "final administrative resolution" of a suspension (or termination) is intended to allow time for the employee to appeal the employer's decision to suspend (or terminate). Watkins, The Arkansas Freedom of Information Act (3rd Ed., 1998), at 144-45. If the employee appeals the decision administratively, that employee's evaluation/job performance records cannot be released unless and until an administrative decision upholding the suspension (or termination) has been rendered. A "final administrative resolution" has occurred when the decision to suspend (or terminate) has been upheld, or when the time for appeal has passed. At that time, there has been a "final administrative resolution" of the suspension (or termination). See Ops. Att'y Gen. Nos. 1999-361; 99-359; 98-006; Watkins, supra.
 In the most recent edition of his treatise, Watkins and his co-author offer the following summary of what constitutes a "final administrative resolution":
 Records are . . . exempt if the employee has administrative remedies available or if a decision to suspend or terminate him has been overturned. The term "final administrative resolution" refers to the final decision-making step taken by the employing entity, regardless of the bureaucratic level at which the decision is made. For example, in some cases the matter might be resolved by a department head, while in others the employee may decide to seek review by the top agency official or, in the case of police officers by a city civil service commission. If no such review is sought, however, the initial decision is "final" for purposes of this provision. Moreover, the use of the term "proceeding" (as opposed to "hearing") suggests that the finality requirement is satisfied when a decision is reached short of the stage where full-blown hearing procedures are employed. Thus, if an agency and employee reach an understanding whereby the employee agrees to accept a suspension and chooses not to exercise his right to a hearing, the matter is final.
 J. Watkins and R. Pelz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press: 4th ed. 2004), at 202-03 (footnotes omitted).
Op. Att'y. Gen. 2004-272 at 3-4.
You have provided no facts regarding any administrative appeal process potentially available to the Police Chief. I am not in a position to render an opinion determining the consistency of the Mayor's decision with the FOIA in the absence of any such facts. Similarly, I am not in a position to determine whether the other prerequisites for the release of employee evaluation or job performance records have been met without reference to any facts or review of the records in this regard. I can refer you, as general matter, however, to a previous conclusion of one of my predecessors on a similar issue involving the effective date of a termination. In Op. Att'y. Gen. 1995-242, in an opinion issued to an Assistant City Manager regarding his termination, the following was stated:
 One additional point should be discussed with regard to these records. The City has stated that "for the present" these employee evaluation and job performance records will not be disclosed. I assume that because there are no administrative remedies available to you, this conclusion refers to the fact that although you have been terminated, your last day of work is not until August 11, 1995. I assume, therefore, that the City does not consider your termination effective until that date. It is my opinion, if this assumption is correct, that the City is justified under the act in withholding access to the records until your termination is effective.
Id. at 4. See also, Watkins and Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (4th Ed., m m Press 2004) at 201, n. 475.
Although my predecessor did not elaborate on his conclusion in this regard, I see no reason to disagree with it. Although the wording of the applicable statute, A.C.A. § 25-19-105(c)(1), regarding "final administrative resolution" of a "termination proceeding" revolves around the decision to terminate the employee and the administrative avenues of appeal available to the employee, in my opinion the legislative intention and assumption underlying these requirements is that employee evaluation or job performance records will not be released until the termination is final and the employee has no chance of reversing the termination and remaining in the position. The statute does not contemplate or address a decision to terminate an employee which is effective at a later date or the continuance of an employee in the same position for a period of time after the termination decision has been made. I agree with my predecessor in Op. Att'y. Gen. 1995-242, however, that the withholding of employee evaluation or job performance records until the "termination" has actually occurred and is effective is consistent with the provisions of the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] Your request does not seek a review of any decision as to the release of particular personnel records within the Chief's personnel file, or whether such release would constitute a "clearly unwarranted invasion of personal privacy." For opinions addressing the type of items exempted from police officer personnel files, see generally, Ops. Att'y. Gen. 2005-268; 2005-202; and 2005-113.